UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **CHARLES E. KING** | **CIVIL ACTION NO. 18-0335** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **MADISON PARISH DETENTION CENTER** | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Plaintiff Charles E. King, a detainee at Richland Parish Detention Center proceeding pro se and in forma pauperis, filed the instant Complaint on March 12, 2018, under 42. U.S.C. § 1983. He names Madison Parish Detention Center as Defendant.[1]

On May 9, 2018, the undersigned ordered Plaintiff to, within thirty days, amend and provide specific information to cure several deficiencies in his claims. [doc. # 6]. The undersigned cautioned that Plaintiff's suit may be dismissed if he failed to comply. *Id.* On May 30, 2018, the undersigned extended Plaintiff's deadline to comply to June 29, 2018. [doc. # 9].

A district court may dismiss an action based on a plaintiff's failure to prosecute or comply with a court order. FED. R. CIV. P. 41(b). A court possesses the inherent authority to dismiss the action sua sponte. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Id.*

Here, Plaintiff failed to comply with the Court's order to amend by the June 29, 2018 deadline. Accordingly, **IT IS RECOMMENDED** that Plaintiff Charles E. King's Complaint be

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

**DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 6th day of August, 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE